4th of April, conditioned on her arrival on the the 10th, and that was found to be the day on which she should have arrived, but, between the 4th and the 10th, the market price had fallen off, it would hardly be claimed, I think, that the loss of that special contract furnished a rule of damages.

The commissioner here has found specially the contract of sale and its price, but he has also expressly found that that price was the fair market price of the articles on the 10th of April. His assessment conforms, therefore, in fact, to the rule which gives to the libellants the difference between the fair market value on the day when the vessel should have delivered her cargo, and the value at the time when she in fact arrived, and made, or was in readiness to make. such delivery; and this rule is not claimed to be erroneous.

That, in such cases, the libellants are entitled to interest, has been often denied. But the question is not material here, since, although the commissioner computed the interest. the court awarded even less than the principal sum reported as damages. The parties having stipulated for value, and discharged the vessel from custody, agreeing upon such value at $5,000, the stipulators were decreed to pay, in discharge of their stipulation, that amount only, with costs.

The decree must be affirmed, with costs.

---

### SUCCESSION OF.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the names of the decedents.]

---

SUCKLEY (HITNER v.). See Case No. 6,543.

---

## Case No. 13,587.

### SUCKLEY v. SLADE.

[5 Cranch, C. C. 123.] [1]

Circuit Court, District of Columbia. March Term, 1837.

#### PLEADING AT LAW—PLEAS.

The defendant had pleaded the statute of limitations in due time, and had also demurred to the whole declaration. The court permitted him to withdraw his demurrer, and to let the plea of limitations remain.

Debt [by George Suckley against Henry C. Slade] upon a bond, conditioned to pay one third of the debt of Charles Slade.

The defendant had demurred to the whole declaration, and had pleaded, in due time, the statute of limitations of twelve years.

Mr. Jones, for defendant, now moved to strike out the demurrer, leaving the plea of limitations to stand as his only plea.

Mr. Marbury, for plaintiff, contended that the defendant could not plead and demur at

the same time, and that therefore the whole pleading is a nullity and must go together, and then it would be too late to plead the statute, as the plea-day had long since passed. The pleading being inconsistent, there is no plea, nothing to which the plaintiff can reply. The statute must be pleaded at length, and by the rule-day; and cannot be amended. Merryman v. State, 5 Har. & J. 425; Wall v. Wall, 2 Har. & G. 79; State v. Green, 4 Gill & J. 381; State v. Boyd, 2 Gill & J. 365; Waterfall v. Glode, 3 Term R. 305.

Mr. Jones, in reply, cited the statute of limitations of 1715 (chapter 23, § 6), that no bond shall be good or pleadable if it be of twelve years' standing. Carroll v. Waring, 3 Gill & J. 491, 499; Piatt v. Vattier, 9 Pet. [34 U. S.] 415.

THE COURT (CRANCH, Chief Judge, doubting, not having had time to look into the cases cited, but inclined to concur with the court) permitted the defendant to withdraw his demurrer, and leave the plea of limitations, as a plea filed in due time.

[See Case No. 13,588.]

---

## Case No. 13,588.

### SUCKLEY v. SLADE.

[5 Cranch, C. C. 617.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839.

#### LIMITATION OF ACTION—"BEYOND SEAS."

A person in Alexandria county, D. C., is not "beyond seas," within the meaning of the act of limitations, in regard to persons residing in Washington county. The residence of the defendant in Alexandria county may, therefore, be added to his residence in Washington county, so as to enable him to plead. in Washington, the Maryland statute of limitations of "twelve years' standing," to a bond.

Debt [by George Suckley against Henry C. Slade] on a bond in the penalty of $9,794. dated 18th of April, 1820, conditioned to be void upon the defendant's paying to the plaintiff one-third of the debt due by the defendant's father to the plaintiff if he himself should not pay the whole debt on or before the 1st of January, 1822.

A verdict was taken for the plaintiff, subject to the opinion of the court, upon the following state of the case: On the trial of this cause it was agreed that the following state of facts be submitted to the court as if found by the jury in the shape of a special verdict. The contract upon which the suit is brought is as set forth on oyer. It was executed, at the time it bears date, in Alexandria county, D. C. That at said date, and from that time to the institution of this suit, the plaintiff resided in, and was a citizen of, the state and city of New York. That from the date of said contract, and until the year 1824 or 1825, the defendant was a resident of Alex-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]